# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**DARYL SHULTZ**                                                                     **PETITIONER**

**v.**                           **CIVIL ACTION NO. 3:14CV-P238-H**

**CLARK TAYLOR, WARDEN**                               **RESPONDENT**

## MEMORANDUM OPINION

Petitioner Daryl Shultz filed this *pro se* action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The Court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review, the Court directed Shultz to show cause why his petition should not be dismissed as barred by the applicable statute of limitations. Shultz did not file a response to the Show Cause Order. Upon review, for the reasons set forth below, the Court will dismiss the petition as untimely.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In his petition, Shultz stated that he was convicted of sodomy following a guilty plea and sentenced to twenty years in prison on February 13, 2006. Shultz did not file a direct appeal. Shultz filed a motion to vacate his sentence pursuant to Kentucky RCr. 11.42 on December 9, 2008. According to the petition, the Jefferson Circuit Court denied Shultz's motion on April 3, 2009, and the Kentucky Court of Appeals affirmed the Jefferson Circuit Court's decision on October 8, 2010. Shultz filed the instant petition for writ of habeas corpus in this Court on March 5, 2014.[1]

---

[1] Under the mailbox rule, the petition is deemed filed on the date it was presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

## II. ANALYSIS

Because Shultz's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, Shultz did not file a direct appeal of his conviction. Therefore, the one-year limitations period began to run at "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, Shultz's conviction became final on March 15, 2006, when the period for filing a direct appeal of his conviction ended. *See* Kentucky Rule of

Criminal Procedure 12.04. Thus, Shultz had until March 15, 2007, to file his petition for habeas corpus relief in this Court unless there was a time-tolling collateral attack <u>pending</u> in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'") (quoting 28 U.S.C. § 2244(d)(2)). Shultz did not file his petition by March 15, 2007, nor did he have any time-tolling collateral action pending during that time period.

Shultz filed a collateral attack challenging his conviction in state court on December 9, 2008. The fact that this motion may have been timely under state law, however, does not work to save the instant petition from being time-barred. Filing a post-conviction motion does not restart the one-year statute of limitations. *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003). As the Sixth Circuit opined, "[t]he tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id.* at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). To hold otherwise would be to eviscerate the AEDPA's purpose of ensuring finality of state court judgments. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (observing that the AEDPA's time bar "quite plainly serves the well-recognized interest in the finality of state court judgments" and "reduces the potential for delay on the road to finality") (quoting *Duncan v. Walker*, 533 U.S. 167, 179 (2001)).

From a review of Shultz's petition it appears that he did not file any time-tolling collateral attack of his state court conviction until December 9, 2008, over a year and a half after the applicable limitations period had expired. By the time Shultz finally sought post-conviction relief from the Jefferson Circuit Court in December of 2008, there was nothing left of the federal habeas one-year statute of limitations to toll. Therefore, his 28 U.S.C. § 2254 petition seeking a writ of habeas corpus from this Court, filed almost seven years after the expiration of the statute of limitations, is time-barred and subject to dismissal.

Section 2254's statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Id.* at 1008-09. A litigant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Shultz failed to respond to the Court's Show Cause Order or to otherwise meet his burden in establishing that he satisfies the elements required for equitable tolling. Therefore, equitable tolling is not appropriate in this case.

For these reasons, the Court concludes that this action is untimely. By separate Order, the Court will dismiss this action.

### III. CERTIFICATE OF APPEALABILITY

In the event that Shultz appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:


cc:     Petitioner, *pro se*
4412.010

5